IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip D. Newberry, | C/A No.: 1:24-4062-RMG-SVH |
| Plaintiff, | |
| vs. | |
| Patricia M. Cofty; John Doe; Jane Doe; and Unknown Agency/Organization, | REPORT AND RECOMMENDATION |
| Defendants. | |

Phillip D. Newberry ("Plaintiff"), proceeding pro se, filed this complaint against Patricia M. Cofty, John Doe, Jane Doe, and Unknown Agency/Organization ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.     Factual and Procedural Background

Although Plaintiff provides no dates, the facts in his complaint appear to have taken place over several years. Plaintiff alleges Cofty is a Texas lawyer who once represented him, although he provides no details on the representation, such as whether it was a civil or criminal matter. [ECF No. 1

1

at 3; ECF No. 1-1 at 2]. Although somewhat unclear, it appears he subsequently asked Cofty to represent him after he was terminated from Mama Fu's restaurant in Texas, but she refused. *Id.* ("I say the time frame seems unclear because I was arrested for stalking Steve Sizemore shortly after being wrongfully terminated, which is why I had asked Cofty to represent me in the first place. . . . After getting fired is when I asked Cofty to represent me and she refused and stopped talking to me entirely."). Plaintiff came to believe Cofty may have been "responsible, as corporate would not answer questions." *Id.* Plaintiff's complaint goes on to state that he began giving the government information, and he notes his beliefs about several news events.[1]

Plaintiff's affidavit continues concerning events in Texas before noting he moved to South Carolina in March or April. He generally alleges Defendants are engaging in racketeering activity and requests an investigation.

On September 16, 2024, Plaintiff filed a supplement to his complaint titled "Statement of Claim against Doe Defendants." [ECF No. 14]. In it, he lists 55 statements in which an "unknown defendant" allegedly wronged him. There is no apparent connection between many of these allegations to his

---

[1] For example, Plaintiff states "I concluded that it was a distinct possibility that members of a criminal organization (perhaps with connections in the FBI) tried to 'Michael Jackson' me, as I am a firm believer that Michael Jackson was murdered to prevent attracting attention to the Epstein organization, or that it happened so that the mama Fu's lawsuit(s) could happen without interference and that situation could be buried as well." [ECF. No. 1-1 at 5].

2

original complaint or to each other.

On September 20, 2024, the undersigned issued an Order and Notice identifying the deficiencies in Plaintiff's complaint and permitting him an opportunity to file an amended complaint. [ECF No. 21]. Plaintiff filed "objections" to the order, but declined to file an amended complaint. [ECF No. 23].

II.  Discussion

A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by

3

attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    Failure to Meet Pleading Requirements

Plaintiff has failed to meet the minimal standards for the filing of a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff's complaint does not state any claim against any defendant. With regard to Cofty, Plaintiff only states that he believes Cofty is conspiring against him, but he provides no factual allegations for this conclusion. As noted above, the court must only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Further, Plaintiff does not mention the remaining defendants in any capacity. Therefore, Plaintiff's complaint is subject to summary dismissal.

2.    Venue

Alternatively, the court may wish to transfer venue. Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider sua sponte whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam). Pursuant to 28 U.S.C. § 1391(b):

(b) Venue in general.—A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff has not provided any facts showing defendants reside in South Carolina or that a substantial part of the alleged acts or omissions occurred in South Carolina. Lastly, it does not appear this court has personal jurisdiction over any defendant in this case. Therefore, the court may wish, in the alternative to dismissal, to transfer venue in this case.

III.   Motion for a Preliminary Injunction

In his motion for a preliminary injunction, Plaintiff requests:

> the courts order that all defendants refrain from engaging in any form of conversion, maleficium, or any other tortious act, and that any and all conversion or maleficium be disclosed in order to prevent the unnecessary burden of accumulating costs to the court and to prevent further harm to the Plaintiff due to his inexperience.

[ECF No. 17 (errors in original)].

A party seeking a preliminary injunction or TRO must establish the following four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[2] The party must make clear showings as to the first and second elements. *Winter*, 555 U.S. at 19–22; *Real Truth*, 575 F.3d at 345–47. The court may only consider whether the balance of equities

---

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See Real Truth*, 607 F.3d 355 (4th Cir. 2010).

7

tips in favor of the party seeking injunctive relief after he has satisfied the first two elements. *See Real Truth*, 575 F.3d at 346–47.[3] Finally, the court must be particularly mindful of the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

    Here, Plaintiff has not shown he is likely to succeed on the merits, as he has not met the pleading requirements. Additionally, Plaintiff has not show he is likely to suffer irreparable harm in the absence of preliminary relief. Although Plaintiff alleges software has been remotely installed on his phone and that his identity has been stolen, his allegations are vague, and he has not alleged Defendants are responsible for this alleged wrongdoing. Because Plaintiff fails to meet the first two elements, the undersigned recommends his motion for a preliminary injunction [ECF No. 17] be denied.

---

[3] The court in *Real Truth* relied on *Winter* in expressly rejecting and overruling *Blackwelder's* sliding scale approach that formerly allowed a party to obtain an injunction with a strong showing of a probability of success even if she demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

IV.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion for a preliminary injunction [ECF No. 17] be denied and this case be dismissed without further leave for amendment.

IT IS SO RECOMMENDED.

October 17, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).